RICHARD A. FLING and ANN L. FLING, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fling v. Commissioner
Docket No. 6711-79.
United States Tax Court
T.C. Memo 1981-14; 1981 Tax Ct. Memo LEXIS 731; 41 T.C.M. (CCH) 711; T.C.M. (RIA) 81014; January 13, 1981
Richard A. Fling, pro se. F. Michael Kovach, Jr., for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $ 557 in petitioners' Federal income tax for 1976. The issues to be decided are: 1. Whether petitioners are entitled to a medical expense deduction in excess of that allowed by respondent; 2. Whether petitioners are entitled to a charitable contribution deduction in excess of that allowed by respondent; 3. Whether petitioners are entitled to a casualty *733 loss deduction; 4. Whether petitioners are entitled to a deduction for political contributions; 5. Whether petitioners are entitled to employee business expense deductions; and 6. Whether petitioners are entitled to a child care credit. FINDINGS OF FACT Petitioners Richard A. Fling (petitioner) and Ann L. Fling, husband and wife, resided in West Bloomfield Township, Michigan, when they filed their petition. Petitioners timely filed a joint Federal income tax return for 1976. During the year in issue, petitioner was employed as a narcotics agent by the Drug Enforcement Agency (DEA) of the United States Government. The policy of the DEA is to reimburse its agents for unusual expenses incurred while on duty. The agency is not responsible for the expenses incurred by non-DEA officials for food and beverages. Petitioner was hospitalized in 1976 for 5 weeks with a cerebral hemorrhage. Petitioners carried health and medical insurance with Blue Cross/Blue Shield of Michigan. Petitioners' insurance company reimbursed them for almost the entire amount of the hospital expenses and the majority of the doctors' expenses incurred in treating the hemorrhage. In 1976, petitioner's *734 wife was preparing to enter the food concession business. She did not earn any income that year. The amounts claimed as deductions by petitioners on schedule A of their 1976 income tax return, the amounts allowed by respondent in its notice of deficiency, and the resulting amounts at issue are as follows: Claimed
Allowed by
Per Return
Respondent
At Issue
Medical expenses: Insurance
$ 520
$ 520
$ 0
Doctors, hospitals,
and eyeglasses
1,940
1,482
458
Transportation
200
200
0
Babysitting
100
0
100
$ 2,760
$ 2,202
$ 558
Less 3 percent adjusted
gross income
606
606
0
$ 2,154
$ 1,596
$ 558
Claimed
Allowed by
Per Return
Respondent
At Issue
Charitable Contributions: Cash
$ 500
$ 104
$ 396
United Fund
13
13
0
Girl Scouts
5
5
0
Boy Scouts
5
5
0
Salvation Army and
Goodwill Industries
400
300
100
$ 923
$ 427
$ 496
Casualty loss
$ 400
$ 0
$ 400
Political contribution
$ 200
$ 0
$ 200
Business expenses
$ 950
$ 0
$ 950
Petitioners additionally seek a credit for child care expenses. OPINION 1. Medical Expenses
Petitioners claimed a deduction of $ 2,154 *735 for various medical expenses incurred in treating petitioner's cerebral hemorrhage. Of this amount, respondent disallowed $ 100 paid for a babysitter while petitioner's wife was visiting petitioner in the hospital, and $ 458 as unsubstantiated claimed cash expenditures. Clearly, the payments made to the babysitter do not qualify as medical expenses within the meaning of section 213. [1] With regard to the remaining claimed expenses, some of which respondent allowed, petitioner testified that those amounts consisted of charges for a private room which were not covered by insurance and other doctors' fees. Other than vague testimony on this issue, petitioners have introduced no evidence to substantiate their claims that respondent disallowed properly deductible medical expenses. Thus, we conclude that petitioners have failed to show that they incurred medical expenses in excess of that allowed by respondent. Rule 142(a), Tax Court Rules of Practice and Procedure.
*736 2. Charitable Contributions
Petitioners claimed $ 400 as a deduction for contributions of items of the Salvation Army and Goodwill Industries and $ 500 as cash contributions to St. Pius X church in Southgate, Michigan. Respondent allowed these deductions in the amounts of $ 300 and $ 104, respectively. Petitioners have introduced no evidence as to the nature or value of the items donated to the Salvation Army and Goodwill Industries. As to the church contribution, petitioner testified that he estimated that he or his wife contributed approximately $ 10 a week. We think petitioners contributed more than the $ 1 a week that respondent allowed each of them. Nevertheless, we also think it clear that petitioner did not attend church every week, particularly when he was hospitalized. Recognizing that the amount petitioner deducted was based solely upon his estimate without further corroboration, and bearing heavily against the taxpayer whose inexactitude is of his own making, in the light of all the evidence, we find that petitioner has shown that he is entitled to deduct $ 200, or $ 96 more than respondent allowed, as a charitable contribution to the church. See Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). *737 3. Casualty Loss
Petitioners claimed a $ 400 casualty loss deduction for damage to the storm gutters and shrubbery around their residence. Respondent disallowed the entire amount. Under section 165(c)(3), [2] a deduction is provided for losses caused, among other things, by storms or other casualty. Although petitioner testified that a storm damaged the property, he testified that he made no repairs as a result of the storm. He has failed to introduce any other evidence indicating the date of the storm, what damage was caused by the storm rather than by normal deterioration, his basis in the damaged property, or its value before and after the storm. Hence, petitioners are not entitled to a casualty loss deduction. 4. Political Contribution
Petitioners claimed a $ 200 political contribution deduction, which respondent disallowed in full. The only substantiation *738 provided by petitioner was his testimony that he sent a money order to the Republican Party. This testimony, standing alone, is insufficient, in our view, to support petitioners' claim to the deduction. See sec. 218; [3]secs. 1.218-0 and 1.41-5, Income Tax Regs.
5. Employee Business Expenses
Petitioners claimed $ 950 as an employee business expense deduction which respondent disallowed in full. Petitioner testified that those *739 expenses consisted of drinks, lunches, dinners, and other out-of-pocket expenses incurred in order to maintain proper working relationships with informers and other contacts in connection with his work as a narcotics agent for the DEA. The policy of the DEA was to reimburse its agents only for unusual expenses and not for expenses of non-DEA personnel. Petitioner testified that he had kept a diary of the expenditures but that the diary was unavailable due to marital problems. He made no attempt to reconstruct those records. Further, petitioner has given no details regarding the circumstances in which these alleged expenses were incurred. Thus, we are unable to determine to what extent, if at all, these expenditures are subject to the strict substantiation requirements of section 274. See secs. 1.274-1, 1.274-2, and 1.274-5, Income Tax Regs. Accordingly, petitioners are not entitled to an employee business expense deduction. 6. Child Care Credit
Petitioners contend that they are entitled to a child care credit for 1976. Although petitioner's wife was in the process of starting a food concession business, she did not operate the business in 1976 and she received no earned *740 income during that year. Consequently, under section 44A(e)(1)(B), [4] petitioner's child care credit is limited to zero, the amount of his spouse's earned income. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted. Sec. 213 provides in part as follows: (a) Allowance of Deduction.--There shall be allowed as a deduction the following amounts, not compensated for by insurance or otherwise-- (1) the amount by which the amount of the expenses paid during the taxable year (reduced by any amount deductible under paragraph (2)) for medical care of the taxpayer, his spouse, and dependents (as defined in section 152) exceeds 3 percent of the adjusted gross income * * * (e) Definitions.--For purposes of this section-- (1) The term "medical care" means amounts paid-- (A) for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body, (B) for transportation primarily for and essential to medical care referred to in subparagraph (A), or (C) for insurance (including amounts paid as premiums under part B of title XVIII of the Social Security Act, relating to supplementary medical insurance for the aged) covering medical care referred to in subparagraphs (A) and (B).↩
2. SEC. 165. LOSSES. (c) Limitation on Losses of Individuals.--In the case of an individual, the deduction under subsection (a) shall be limited to-- (3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. * * *↩
3. Sec. 218 provides in part as follows: (a) Allowance of Deduction.--In the case of an individual, there shall be allowed as a deduction any political contribution (as defined in section 41(c)(1)) or newsletter fund contribution (as defined in section 41(c)(5)) payment of which is made by such individual within the taxable year. (b) Limitations.-- (1) Amount.--The deduction under subsection (a) shall not exceed $ 100 ($ 200 in the case of a joint return under section 6013). (2) Vertification.--The deduction under subsection (a) shall be allowed, with respect to any political contribution or newsletter fund contribution, only if such contribution is verified in such manner as the Secretary or his delegate shall prescribe by regulations.↩
4. Sec. 44A(e) provides in part as follows: (e) Earned Income Limitation.-- (1) In general.--Except as otherwise provided in this subsection, the amount of the employment-related expenses incurred during any taxable year which may be taken into account under subsection (a) shall not exceed-- (B) in the case of an individual who is married at the close of such year, the lesser of such individual's earned income or the earned income of his spouse for such year.↩